STATE *v.* CHAVIS.

1. PRIVILY STEALING FROM THE PERSON—PROOF OF A NEGATIVE.—Under an indictment for privily stealing from the person, the judge charged the jury that the property must have been secretly and privately taken from the person. *Held*, that there was no error in further charging that it is not necessary for the State to show that there was no force used.

2. MOTION AT CHAMBERS FOR A NEW TRIAL.—A Circuit Judge is with-
out jurisdiction at chambers to hear a motion for a new trial in the
Court of General Sessions on the ground of after-discovered evidence.
Such motion may be made after sentence at a succeeding term of that
court.

Before IZLAR, J., Orangeburg, September, 1890.

Indictment against Luther M. Chavis. The opinion states
the case.

*Messrs. Raysor & Summers,* for appellant.

*Mr. Jervey,* solicitor, contra.

June 17, 1891.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   In this case the defendant was indict-
ed for, and convicted of, the offence of privily stealing from the
person of another.   Upon the rendition of the verdict a motion
for a new trial on the minutes of the court was made and refused,
whereupon the defendant was sentenced to fifteen months' impris-
onment in the penitentiary.   After the adjournment of the court
a motion was made before his honor, Judge Izlar, at chambers,
who had presided at the trial, for a new trial upon the ground of
after-discovered evidence, who held that he had no jurisdiction to
hear such a motion at chambers, and therefore declined to con-
sider the motion on its merits.   Defendant appeals upon the sev-
eral grounds set out in the record.   The first ground having very
properly been abandoned, need not be stated.   The second im-
putes error to the Circuit Judge in charging the jury that "in
matters of proof of this kind it would not be necessary for the
State to show that there was no force used."   The third and
fourth grounds raise, in different forms, the question whether the
Circuit Judge erred in holding that he had no jurisdiction at
chambers to hear a motion for new trial upon the ground of after-
discovered evidence.

In considering the second ground of appeal it would be well
to understand exactly what the Circuit Judge did say to the jury;
and for this purpose we extract from his charge, as set out in the

"Case," the following language: "First, the stealing must be done secretly; and secondly, the property stolen must be taken from the person of the party at the time. Now, I charge you that the statute would not be violated in a case of this kind where force was used, as where money is forcibly taken from a person. Nor would the statute be violated if it was taken with the knowledge of the prosecutor. The property must be secretly and privately taken from the person of the prosecutor to bring the offence within the terms of the statute. However, in matters of proof of this kind, it would not be necessary for the State to show that there was no force used. The value of the property stolen is not material, if it be of some value. The gravamen of this offence consists in secretly taking from the person."

It seems to us that this charge is not open to any valid exception. The error imputed seems to be in instructing the jury that it was not necessary for the State to prove that no force was used. This rests upon the assumption that, contrary to the general rule, the State was bound to prove a negative by direct testimony; for it seems to us that if the jury were satisfied, as the judge instructed them that they must be before they could convict, that the property was taken secretly and privately from the person of the prosecutor, that carried with it the idea that it was not taken forcibly. There are several different species of larceny, made up of different elements, and we see no reason why the State should be required to offer evidence ignoring one element more than another; and the logical result of the view contended for by appellant would be that an indictment for any given species of larceny could not be sustained, unless the State offered evidence negativing the existence of the elements necessary to constitute every other species of larceny.

Such a view cannot be accepted. All that is necessary for the State to prove under an indictment for any offence is the existence of all the facts necessary to constitute such offence, and if it is claimed that other facts exist which would show that the offence is really of a different character from that charged, that is a matter to be shown by the defence, and need not be negatived by the State, unless the statute creating the offence shall so require; and certainly there is no such requirement in the statute under

which this prosecution was brought.    This view is illustrated by the case of *Geuing* ads. *State,* 1 McCord, 573, recognized in *Information* v. *Oliver,* 21 S. C., at page 324, where it was held that under an indictment for retailing spirituous liquors without a license, the State need not prove that the defendant had no license, as that is a matter of defence to be proved by defendant. For a much stronger reason it was clearly unnecessary for the State to prove that there was no force in taking the property alleged to have been privily stolen from the person of the prosecutor.

The third and fourth grounds raise the single question whether a judge at chambers has jurisdiction to hear and determine a motion for a new trial in a criminal case, upon the ground of after-discovered evidence.    So far as we know, there is no authority to show that a judge at chambers has any such jurisdiction by virtue of any powers inherent in his office. If, therefore, such a power exists, it must be derived either from the constitution or some statute, and no provision of the constitution, nor has any statute, been cited conferring such a power. It cannot be derived from the act of 1868, now incorporated in the General Statutes as section 2113, for there the power is conferred upon the Circuit Courts, *not* upon the judges; and the distinction between the powers of .the Circuit Court and a judge at chambers is well recognized, especially in regard to motions for a new trial.    *Clawson* v. *Hutchinson,* 14 S. C., 517 ; *State* v. *David,* 14 S. C., 428.    These cases also show that such a power cannot be derived from the act of 1869, for the reasons therein stated, and we may add, for the additional reason that such act has been expressly repealed by the act of 1880, 17 Stat., 341.    It is clear, therefore, that there was no error on the part of Judge Izlar in declining to take jurisdiction of the motion at chambers.

It seems to be supposed that the practical result would be to deprive a party, who had been convicted in the Court of Sessions and sentenced, of the privilege of moving for a new trial upon the ground of after-discovered evidence, where the discovery was not made until after judgment rendered.    But this is a mistake, as shown by *State* v. *David, supra,* where such a motion was

made and granted long after judgment had been rendered against him. But in that case the motion was made to the Court of Sessions, *not* to a judge at chambers.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, without prejudice to the right of the defendant to move for a new trial upon the ground of after-discovered evidence before the proper jurisdiction, if he shall be so advised.