### STATE v. MAJOR.

1. NEW TRIAL.—In this case there was evidence to go to the jury to the effect that the defendant secretly and privately took money from the person of the prosecutrix.
2. EVIDENCE—STATEMENT—CONDUCT.—Any statement made to a defendant in presence of prosecutor in regard to the crime with which he is charged and his conduct in relation thereto, are competent evidence.

Before ALDRICH, J., Beaufort, January, 1904.    Affirmed.

Indictment against Class Major, for privily stealing from the person.    From sentence, defendant appeals.

*Mr. W. S. Tillinghast,* for appellant, cites: *Statements made to a defendant should not be admitted in evidence:* 4 Rich. L., 260; 12 Rich. L., 321; 1 Green. Ev., sec. 124; 34 S. C., 37; 13 S. C., 30.

*Solicitor James E. Davis,* contra.

February 1, 1905.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    The defendant was convicted of privily stealing from the person, under section 152, Criminal Code, and appeals from the sentence thereon upon the following exceptions:

"1. That the conviction of defendant herein for privily stealing from the person was illegal, in that all the testimony for the State shows that, if the one dollar and twenty-five cents was stolen by defendant, it was done openly before the witnesses, and with force, and not privily from the person, as charged in the indictment.

"2. That the testimony of the prosecutrix shows that, if the money was taken, it was taken openly and with force, and not privily from the person.

"3. That the prosecutrix on cross-examination contradicted herself as to time and circumstances of the alleged taking of the money by the defendant, and admitted that she knew when the money 'was taken by defendant, and that the string "caught him." ' The alleged taking was not, therefore, privily from the person.

"4. That his Honor erred in ruling, against objections of defendant's counsel, that anything that was said to the defendant in presence of the prosecutrix was competent evidence against defendant, thereby admitting as evidence bald statements made to the defendant, independent of any conversation, or connection of defendant therewith."

The first, second and third exceptions do not seem to present any error of law, but rather raise questions of fact. If they can be construed as raising the point that there was absolutely no testimony to sustain the judgment, we do not think they are well taken, inasmuch as the testimony clearly shows that there was sufficient evidence to go to the jury in support of the offense charged in the indictment. It is true, that, to make out the offense under this statute, it must appear that the property was secretly and privately taken from the person—*State* v. *Chavis*, 34 S. C., 132, 13 S. E., 317; but there was evidence to this effect.

The fourth exception must also be overruled; it is based upon the following, taken from the case: "Q. You say when

you went off you met your husband? A. Yes. Q. What did your husband say? Mr. Tillinghast objects. The Court: Anything which the defendant said in her presence is competent and what was said to him. A. My husband just asked me if it was so or not, and he walked up and said, 'come here,' and I thought he was going to give the money, but he didn't; just said, if we would wait until Saturday night he would replace it." The witness had previously testified to the same effect without objection. Furthermore, it is well settled that the conduct of parties under accusation for crime may be given to the jury as circumstances to be weighed in connection with the question of guilt or innocence. This rule is recognized in the case of *State* v. *Edwards,* 13 S. C., 30, cited by appellant, which merely holds that it was error to charge the jury that "if a person hears a criminal charge against himself, made in his presence, and says nothing, it is an admission on his part, and in the eye of the law, the party accepts that charge as his confession." While silence under accusation of crime cannot have the legal effect of the confession of guilt, it is, nevertheless, a circumstance to go to a jury on a question of his guilt or innocence.

The judgment of the Circuit Court is affirmed.