## STATE v. GIVENS.

1. HOUSEBREAKING AND LARCENY—COMPROMISE.—Evidence tending to
   show a wife left her home in the morning after hooking the window
   and locking the door, when she returned she found the window
   open and a pair of shoes, a bracelet and a ring missing, she after-
   ward recognized the shoes in possession of defendant, who offered to
   settle the charge by paying for the shoes, will support a verdict for
   housebreaking and larceny.
2. LARCENY—PRESUMPTION—BURDEN.—The possession of stolen prop-
   erty raises a presumption of guilt, casting upon the accused the
   burden of explaining the possession to be consistent with innocence.

Before WILSON, J., Charleston, June term, 1910. Affirmed.

Indictment against Mary Givens for housebreaking and
larceny. From sentence on verdict of guilty, defendant
appeals.

*Mr. Edwin J. Blank,* for appellant, cites: *Second count
cannot be supplemented by allegations in the first:* 45 S. C.
488; Pom. Rem. sec. 275. *There was no evidence of a
crime:* 45 S. C. 490; 85 S. C. 277. *Offer to pay for shoes
improperly admitted:* 54 S. C. 104; 45 S. C. 184. *There*

*being no housebreaking there was no compound crime:* 45
S. C. 488. *Charge as to presumption from possession of
stolen property is on facts:* 85 S. C. 276, 282; 28 S. C. 253;
47 S. C. 513.

*Solicitor John H. Peurifoy,* contra, oral argument.

February 22, 1911. The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS. There is no ground whatever for
this appeal. The defendant was convicted under an indict-
ment containing a count for breaking into the dwelling
house of R. F. Fields, with intent to steal, take and carry
away the goods of Belle Fields, and a count for stealing
from the dwelling house of R. F. Fields a pair of shoes, a
bracelet and a finger ring of the value of eight dollars, the
property of Belle Fields. There was a general verdict of
guilty.

The position that the second count charges no offense
unless it be supplemented by the statements of the first count
has no shadow of foundation; for the second count is a plain
and full charge of privily entering and stealing from the
dwelling house of R. F. Fields, an offense made burglary
by the Act of 1902 (23 Stat. 1094).

There was no error in refusing to grant a new trial on the
ground that there was no evidence to support the verdict, for
there was strong evidence of the guilt of the defendant.
Belle Fields, the wife of R. F. Fields, testified that
the window of the house was hooked inside and the
door locked, when she left in the morning, and that
when she returned the window had been broken and the
shoes, bracelet and ring stolen; that she afterwards recog-
nized the shoes on the feet of the defendant. There was
also evidence that the defendant offered to settle the charge
by paying for the shoes.

The rule that evidence of propositions of compromise is not admissible does not extend to criminal trials. *State* v. *Rucker,* 86 S. C. 66.

It is further contended that the Circuit Judge charged with respect to a matter of fact in instructing the jury that one found in possession of stolen property soon after the theft is presumed to be the thief, but as soon as the possession is explained the presumption is at an end.

The rule has long been established in this State that the possession of stolen property raises a legal presumption of guilt, casting upon the accused the burden of explaining the possession to be consistent with innocence. *State* v. *Bennett,* 2 Tr. Con. Rep. 692; *State* v. *Kinman,* 7 Rich. 497; *State* v. *Garvin,* 48 S. C. 258, 26 S. E. 570.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.