18046

The STATE, Respondent, v. Johnny B. CHASTEEN, Appellant

(130 S. E. (2d) 473)

W. *Harper Welborn, Esq.,* of Anderson, *for Appellant,*

*John K. Grisso, Esq., Solicitor,* of Anderson, *for Respondent.*

April 8, 1963.

BUSSEY, Justice.

The appellant was convicted of bastardy. His defense consisted principally of offering the testimony of witnesses Brown and Sargeant, both of whom testified that they had sexual relations with the prosecuting witness near the time when she became pregnant. The prosecuting witness denied knowing either of said winesses, both of whom were personal friends of the defendant.

There are three exceptions on the part of the appellant, but exceptions two and three raise no issue which appellant is entitled to have reviewed by this court, they being vague, general and in violation of Rule 4, Section 6 of the Supreme Court Rules.

The first exception asserts error on the part of the trial judge in refusing to order a mistrial because of the following matters.

In the course of the cross examination of appellant's witness Brown, the following occurred:

"Q. As a matter of fact, you set yourself up in this case for a warrant, do you realize that?

"A. No, I have not.

"Q. You know that you have not—well, I am telling the Sheriff of this County to get a warrant for your arrest on the charge of bastardy, now do you believe that?

"Mr. Welborn: Now, if the court please, we object to this line of questioning. We think that is not proper and we move to strike it out.

"Court: Yes, Mr. Solicitor, I don't think it is proper.

"Solicitor: All right, sir, I will withdraw it, Your Honor."

Following this ruling and withdrawal by the solicitor, counsel for appellant apparently did not consider what had occurred as being prejudicial as he made no further objection or motion. We think he was correct in concluding that appellant was not prejudiced thereby.

Later, in the presentation of the defense, counsel for appellant himself proffered as a witness in behalf of the appellant a deputy sheriff of Anderson County, and elicited from him the information that he had that day taken out two warrants in bastardy proceedings against the witnesses Brown and Sargeant. Following a brief cross examination of the deputy sheriff by the solicitor, counsel for appellant moved for a directed verdict and for a new trial, contending that the appellant had been prejudiced and the witness embarrassed before the jury on account of the warrants. Counsel never made a motion for a mistrial, but the trial court, nevertheless, considered his motions as being one for a mistrial. There is nothing in the record to indicate that the actual issuance of warrants for appellant's witnesses had been brought to the attention of the jury in any manner, except by appellant's counsel. The trial judge, in ruling on the motion said:

"Mr. Welborn, I am going to overrule your motion. When you objected I tried to stop the Solicitor just as quickly as I could, and that was only when your first witness was involved. In fact, I did not know that the two warrants had been sworn out, and I don't believe the jury did until you swore the Deputy and proved the fact. Had the Solicitor

brought out the fact that the two warrants had been sworn out, and you would not have had a part in it, I think I would have granted your motion for a mistrial, but under the circumstances, I am going to overrule it, sir. I may be mistaken, but I believe it is right."

We see no error in the ruling of the trial judge. Even ■ if there were error, it was clearly invited by counsel for appellant, leaving appellant in no position to complain. A case in point is *State v. Robinson*, 149 S. C. 439, 147 S. E. 441, wherein this court said:

"Defendant's counsel is therefore in no position to complain as to matters brought out in response to his questions and not only without objection on his part, but when solicited by him."

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.