21982

The STATE, Respondent, v. Andrew Bruce LOGAN, Appellant.
(306 S. E. (2d) 622)

*Appellate Defender, John L. Sweeny*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Harold M. Coombs, Jr.*, Columbia, *for respondent.*

Aug. 29, 1983.

*Per Curiam:*

Appellant was convicted of housebreaking and larceny (privily entering and stealing). He was sentenced to two concurrent terms of five years' imprisonment each.

Counsel for appellant filed a brief pursuant to *Anders v.*

*California,* 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493 (1967), and petitioned to be relieved from further representation. This Court denied the petition and remanded the case for full briefing on whether the trial court erred in denying appellant's motion for a directed verdict on the charge of privily stealing.

The facts reveal that at 2:00 a.m. on June 19, 1981, appellant and codefendant Dayne Howard Chesser broke into a Minute Man Market in Manning, South Carolina. Chesser served as a look-out while appellant broke the locks on the doors of the building, entered and removed some money and goods. The two men later divided the proceeds of the robbery.

Defense counsel's motion for a directed verdict of acquittal on the charge of privily entering and stealing was denied by the trial judge. Appellant now argues, as he did then, that the crime was not "privily" committed because it occurred at a public place and involved the use of force to gain entrance to the building.

The word "privily" means secretly or privately. *State v. Chavis,* 34 S. C. 132, 13 S. E. 317 (1891); *State v. Major,* 70 S. C. 387, 50 S. E. 13 (1905). This crime occurred in the early morning hours when the public would not normally be present to view it. The use of a look-out was an obvious attempt to avoid detection. While the public location of the crime may be of some importance, it does not negate the charge of privily entering and stealing. The manner in which the crime was committed is the controlling factor here.

As to appellant's argument concerning the use of force, it is well settled that force cannot be used in privily stealing from a person. *Chavis; Major.* However, the use of force is not inconsistent with the charge of privily entering and stealing from a house. *State v. Banks,* 84 S. C. 543, 66 S. E. 999 (1910); *State v. Givens,* 87 S. C. 525, 70 S. E. 162 (1911). Having thus resolved appellant's arguments and having viewed the evidence in a light most favorable to the State, we conclude the trial judge properly denied the motion for a directed verdict.

The trial judge charged the jury that the offense of privily entering and stealing from any house, found in Section 16-13-20 of the 1976 South Carolina Code of Laws, could not be committed with the use of force. Defense

counsel took no exception and, in fact, agreed with the erroneous instruction. Because the error favored appellant and did not prejudice him, reversal is not required. *State v. Thompson,* 276 S. C. 616, 281 S. E. (2d) 216 (1981). Appellant can neither take advantage of an error he contributed to at trial nor preserve a vice and, upon learning of the outcome of trial, raise it on appeal. *State v. Sullivan,* 277 S. C. 35, 282 S. E. (2d) 838 (1981).

Accordingly, appellant's conviction is affirmed.

In light of past practices, as well as those used in the present case, we take this opportunity to give what is apparently a needed explanation of the type of Remand Order issued in this case. Appellant's counsel filed an *Anders* brief referring this Court to a legal point which could arguably support this appeal. We found the point to be arguable on its merits and issued an Order remanding the case for full briefing. Appellant's counsel was specifically directed to file an *additional* brief on that same issue as set forth in the Order. Instead, a verbatim copy of the *Anders* brief was merely re-submitted. Such a brief will no longer be deemed to comply with an Order remanding a case for full briefing.

Affirmed.