23555

The STATE, Respondent v. Kevin McLAUGHLIN, Appellant.

(413 S.E. (2d) 819)

Supreme Court

*Jack B. Swerling* and *Jennifer Kneece Shealy*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Dec. 5, 1991.

Decided Jan. 13, 1992.

CHANDLER, Justice:

Appellant Kevin McLaughlin (McLaughlin) was convicted of trafficking in cocaine, possession of cocaine with intent to distribute, and two counts of possession of a controlled substance within ½ mile of a school.

We affirm.

## FACTS

In the afternoon of November 14, 1989, Officer Owens of the West Columbia Police Department was conducting surveillance in an area with a high rate of theft and break-ins. Owens observed McLaughlin, whom he had not seen in the neighborhood before, walk down the street and place a toolbox in the bushes. McLaughlin paced back and forth nervously until he was picked up by a taxicab. After being driven a short distance, McLaughlin stopped the cab and retrieved the toolbox from the bushes, then returned to the cab. The cab drove off.

Owens, aware of the high incidence of crime in the neighborhood, suspected illegal activity from McLaughlin's unusual behavior with the toolbox. He stopped the cab and asked the driver to exit; at this time McLaughlin jumped out, demanding to know why they had been stopped. When instructed by Owens to get back into the cab he complied, only to exit again moments later and commence arguing with Owens. When asked for identification, McLaughlin said he did not have any.

Owens, noticing McLaughlin's pockets bulged, asked him if he had a weapon. To demonstrate that he did not, McLaughlin began pulling money, totaling over $700, from his pockets.

When a marijuana cigarette fell from McLaughlin's back pocket, Owens placed him under arrest for possession of marijuana. After being given his *Miranda* rights, McLaughlin denied ownership of the toolbox, stating it was already in the cab.

Owens transported McLaughlin, along with the toolbox, to the police station. There, McLaughlin, after being re-advised of his rights, again denied ownership of the toolbox. When asked by the police for permission to search the box, he replied, "I don't care if you do. It's not mine." The police then cut the lock on the box and discovered drugs inside.

While denying for the third time ownership of the toolbox, he stated that he knew its contents; however, he would not reveal to whom the box belonged. At trial, these statements, along with the toolbox and its contents, were admitted over objection.

## ISSUES
1. Were the toolbox and its contents admissible?
2. Were statements made by McLaughlin admissible?

## DISCUSSION

### A. SUPPRESSION OF TOOLBOX

McLaughlin contends the toolbox and the drugs contained therein should have been suppressed at trial on the grounds that: (1) the evidence was "fruit" of an illegal stop and arrest; and (2) the warrantless search was invalid. We disagree.

First, we find no illegal stop or arrest. Owens testified that, given the neighborhood's high crime rate and McLaughlin's strange behavior, he suspected criminal activity. This was sufficient justification to stop the cab. *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. (2d) 889 (1968); *State v. Culbreath*, 300 S.C. 232, 387 S.E. (2d) 255 (1990). Further, once the marijuana cigarette fell from McLaughlin's pocket, Owens had probable cause to arrest him. Accordingly, the stop and arrest were legitimate and, therefore, the toolbox was not illegally obtained "fruit."

Second, as to the warrantless search of the toolbox, the police were entitled to search the taxicab without a warrant pursuant to the automobile exception. *Carroll v. U.S.*, 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925). Recently, the United States Supreme Court has held that containers within vehicles are subject to warrantless searches if police have probable cause to believe the container holds contraband. *California v. Acevedo*, — U.S. —, 111 S. Ct. 1982, 114 L. Ed. (2d) 619 (1991).

Here, probable cause to search the toolbox at the scene of arrest was established by: McLaughlin's suspicious behavior, his possession of large amounts of cash, the presence of the marijuana cigarette, and, finally, his repeated denial of ownership of the toolbox.

The entitlement to a warrantless search of the toolbox at the scene of arrest, under *Carroll* and *Acevedo, supra,* continued through the search at the police station. *Chambers v. Maroney,* 399 U.S. 42, 90 S. Ct. 1975, 26 L. Ed. (2d) 419 (1970); *State v. McRae,* 255 S.C. 287, 178 S.E. (2d) 666 (1971).

The toolbox and its contents were properly admitted at trial.

## B. McLAUGHLIN'S STATEMENTS

McLaughlin moved at trial to suppress any statements made to the police. At the suppression hearing, Officer Owens testified that McLaughlin was given his *Miranda* rights (1) when arrested, (2) at the police station, and (3) when the drugs were discovered in the toolbox. He further testified that McLaughlin understood and waived these rights. The trial judge denied the motion, but made no specific ruling as to the voluntariness of the statements.

McLaughlin now argues that the statements should have been suppressed, because they were "fruit" of an illegal arrest and because the trial judge failed to make an explicit ruling concerning *Miranda.* We disagree.

Our finding, above, that the stop and subsequent arrest of McLaughlin were legal negates any argument that the statements were tainted.

Moreover, the trial judge's general ruling that the statements were admissible does not constitute reversible error. McLaughlin's failure to request a more explicit ruling constitutes a waiver to any objection to the judge's general ruling. *State v. Bailey,* 298 S.C. 1, 377 S.E. (2d) 581 (1989). Finally, since the record supports the judge's implicit ruling that McLaughlin's *Miranda* rights were voluntarily waived, the failure to make a more detailed ruling is harmless.

McLaughlin's remaining exceptions are affirmed pursuant to Rule 23 and the following authorities: Exceptions 20-28: *State v. Logan,* 279 S.C. 345, 306 S.E. (2d) 622 (1983) (defendant cannot take advantage of error he contributed to at trial); *State v. Roper,* 274 S.C. 14, 260 S.E. (2d) 705 (1979) (reviewing court cannot consider error in exclusion of testimony unless the record shows what the rejected testimony would

be); *State v. Meyers*, 262 S.C. 222, 203 S.E. (2d) 678 (1974) (appellant cannot change grounds for objection on appeal); Exceptions 29-31, 58-62: *Anderson v. Charles*, 447 U.S. 404, 100 S. Ct. 2180, 65 L. Ed. (2d) 222 (1980); *State v. Caldwell*, 300 S.C. 494, 388 S.E. (2d) 816 (1990) (juror competency is within discretion of the trial judge); *State v. Dawkins*, 297 S.C. 386, 377 S.E. (2d) 298 (1989); *State v. Prince*, 279 S.C. 30, 301 S.E. (2d) 471 (1983); Exceptions 32-36, 44-49, 56-57: *State v. Sullivan*, 277 S.C. 35, 282 S.E. (2d) 838 (1981) (exceptions not argued in brief are deemed abandoned).

Affirmed.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.