2286

The STATE, Respondent v. Pacquilla M. SAMPSON,
Warren Jasper Sampson, and Sir Jeffrey Scott Carroll, Appellants.

(454 S.E. (2d) 721)

Court of Appeals

*J. Stephen Welch* of *Welch & Associates; Geddes D. Anderson;* and *C. Rouch Wise* of *Wise & Tunstall,* Greenwood, *for appellants.*

*Attorney Gen. J. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Senior Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Asst. Atty. Gen. Alexandria B. Skinner,* Columbia, and *Sol. W. Townes Jones, IV,* Greenwood, *for respondent.*

Heard October 6, 1994.

Decided Jan. 9, 1995; Reh. Den. Feb. 10, 1995.

*Per Curiam:*

In this criminal case, the State charged all three defendants with "aiding, abetting and assisting one another" in the simple possession of marijuana and crack cocaine, and possession with intent to distribute (PWID) marijuana and crack cocaine. Warren Sampson and Pacquilla Sampson are married; Sir Jeffrey Scott Carroll is Mr. Sampson's son. The jury convicted Carroll and Mr. Sampson on all four charges. It convicted Mrs. Sampson on the simple possession charges only. All three defendants appeal separately. The only common issue is a challenge to the affidavit underlying the search warrant. We remand for a full hearing on the sufficiency of the search warrant affidavit and affirm all other issues.

## SEARCH WARRANT AFFIDAVIT

The search Warrant affidavit states "that a reliable confidential informant known to this officer . . . stated that they did see a quantity of white rock substance they believed to be crack-cocaine within the past (72) seventy-two hours at the said location." Moreover, in the same paragraph the affidavit states: "This reliable informant has provided this officer with reliable information in the past. . . ."

There is only one reasonable inference from the face of the affidavit: a single informant who had provided reliable information to the police in the past told them he had seen crack-cocaine in the defendants' apartment within 72 hours of the issuance of the warrant. However, the record reveals otherwise. In actuality, one person (Terry Stancil, also known as "Rollercoaster") saw the cocaine in the apartment; he had never provided information to the police and never actually spoke to the police on this occasion. Stancil told a second person (Lawrence Parnell), who had provided reliable information to the police in the past, about the drugs. Parnell told the police about the cocaine in the apartment. Not only had he not seen the drugs, he had never been in the defendant's apartment.

The State argues defendants did not preserve the affidavit issue for appeal because they did not make a contemporaneous objection to the search evidence. However, the affidavit was valid on its face. *State v. Williams*, 297

S.C. 404, 377 S.E. (2d) 308 (1989). Moreover, the solicitor bolstered the warrant's facial validity during appellants' pretrial motion to disclose the identity of the informant.[1] The judge denied this motion. Ultimately, the State disclosed the identity of the two persons involved when it called them to testify on reply. Their testimony revealed, for the first time, the potentially serious problems with the search warrant affidavit. The defendants immediately challenged the warrant and search evidence. Under the unusual circumstances of this case, the defendants' failure to object to the search evidence during the State's case-in-chief does not bar their present appeal. The defendants raised the issue as soon as it became apparent the affidavit and the solicitors' representations may have been incorrect. For us to hold otherwise would require every defendant in every search warrant case to file a pretrial motion challenging the search warrant affidavit, regardless of the apparent validity of the warrant on its face. It would further require the State to divulge the identity of every confidential informant. The defendants raised the issue as soon as the problem became apparent. The issue is, therefore, preserved for appeal.

The defendants ask us to suppress the search evidence. Instead, we remand for an evidentiary hearing. This hearing shall include the issues of the officer's good faith and the existence or lack of additional sworn testimony before the magistrate. *See Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed. (2d) 667 (1978); *State v. Johnson,* 302 S.C. 243, 395 S.E. (2d) 167 (1990); *State v. Creech,* 314 S.C. 76, 441 S.E. (2d) 635 (Ct. App.), *cert. denied,* Aug 26, 1994.

■ The state argues the defendants did not make a sufficient prima facie showing to warrant a hearing. However, as stated, the record contains no reasonable inference that the same person who actually saw the drugs in the apartment told the police about them and, more importantly,

---

[1] The Solicitor stated the officer who asked the magistrate for the search warrant would say the informant told him that drugs were in the apartment, and that this informant had provided reliable information in the past. The Solicitor also stated that this same informant would testify that he had purchased crack cocaine from Warren Sampson in the past and had purchased crack cocaine on the Saturday preceding the issuance of the warrant on Tuesday. These statements certainly make it appear that the affidavit referred to a single informant.

that he is the informant identified in the search warrant affidavit. We, therefore, find there is a sufficient prima facie showing requiring a hearing on what the officer actually knew when the affidavit was issued, *i.e.*, whether the incorrect information in the affidavit resulted from an innocent mistake, negligence, or was knowingly false information. We express no opinion on the merits of this issue.

Finally the State argues we should find the affiant acted in "good faith," a recognized exception to the exclusionary rule under the Fourth Amendment to the United States Constitution. *See United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed. (2d) 677 (1984). This issue must be decided on remand after a full hearing.

## WARREN JASPER SAMPSON'S
## REMAINING ISSUES

Mr. Sampson further appeals (1) the failure of the trial judge to permit cross-examination of Officer Madden about the affidavit supporting Carroll's arrest warrant in an unrelated forfeiture case, and (2) the judge's refusal to admit a statement made by Carroll when he was arrested in an unrelated incident in a neighboring county.[2]

However, Mr. Sampson never challenges the trial judge's exclusion of Officer Madden's affidavit on the ground that its prejudicial effect to Carroll outweighed its probative value to Mr. Sampson. Nor does he challenge the judge's exclusion of Carrol's statement on the grounds that Officer Madden did not take the statement.[3] These rulings, therefore, are the law of this case and, standing alone, are a sufficient basis for affirmance. *See Burton v. County of Abbeville*, 312 S.C. 359, 440 S.E. (2d) 396 Ct. App. (1994).

---

[2] The statement alleged that Carroll was present when another individual brought the drugs from Ohio. Sampson argues he needed this statement which tended to exculpate both him and Mrs. Sampson because it corroborated his position that he and his wife were not at home when the drugs were brought into the apartment.

[3] Mr. Sampson sought to introduce Carroll's statement during cross-examination of Officer Madden. He never sought to introduce it through examination of Officer McAllister, the officer who actually took the statement from Carroll. Madden testified he had no personal knowledge of the statement's contents. Therefore, the trial judge never had an opportunity to rule on this precise issue.

We do not address the remainder of Mr. Sampson's argument on this issue because it is manifestly without merit. *See* S.C. Code Ann. §14-8-250 (Supp. 1993); Rule 220(b)(2), SCACR.

## PACQUILLA M. SAMPSON'S
## REMAINING ISSUE

Mrs. Sampson further argues the judge erred in denying her directed verdict motion. She argues she knew nothing of the drugs, had never seen them or the paraphernalia, and was not in the apartment except for a few occasions between February 18, 1991, and March 26, 1991, the night of the search.

However, the apartment was literally strewn with drugs and drug paraphernalia. Mrs. Sampson admitted the front bedroom, where the officers found most of the drugs and paraphernalia, was her bedroom. Viewing the evidence and inferences in the light most favorable to the State, the evidence of constructive possession was sufficient to create a jury issue on the questions of simple possession of marijuana and crack cocaine, the only convictions against Mrs. Sampson.

## SIR JEFFREY SCOTT CARROLL'S
## REMAINING ISSUES

Carroll's principal appellate argument challenges the denial of his directed verdict motion at the close of the State's case-in-chief. Carroll argues he was not at the apartment on the night of the bust, and there is no evidence he was ever in physical possession of any drugs. Thus, as with Mrs. Sampson, the question here is one of constructive possession.

In addition to the "search evidence" of drugs and paraphernalia strewn throughout the apartment, particularly the two bedrooms, the state presented the following evidence relevant to Carroll during its case-in-chief: (1) his name appeared on a tenant certification form listing him as a tenant in the apartment; and (2) two officers testified they had seen him going in and out of the apartment during their routine patrols in the area on numerous occasions before the bust. Viewing the evidence in the light most favorable to the State, we find this evidence sufficient to create a jury question on

whether Carroll lived in the apartment and, therefore, had constructive possession of the drugs.

Carroll's remaining issue relates to the admission of testimony from Stancil, one of the State's reply witnesses, implicating Carroll in the possession and sale of the drugs in the apartment.

Prior to the presentation of the State's reply witnesses, Carroll moved that the State not be allowed to present any reply testimony against him because he put up no evidence. However, Mr. Sampson argued that his cross-examination of Stancil could not be limited by Carroll. Carroll disagreed. The judge ruled Stancil could testify that Carroll took him to the apartment on March 23, but he made no other ruling.

Stancil testified that someone had taken him to the apartment on March 23 to get the ounce of cocaine and that two persons later threatened to kill him if he did not pay for this cocaine. He never mentioned Carroll's name during direct examination. On cross-examination by Mr. Sampson, Stancil testified, without objection, that Mr. Carroll had taken him to the apartment on March 23, and that Carroll was one of the two men who later threatened him.

The "threat"testimony is not preserved for appeal because Carroll did not object at trial. There was no indication in the pre-reply hearing that Stancil would give this testimony, so the judge did not rule on it specifically. Under these circumstances, Carroll should have obtained a ruling on his blanket objection or objected specifically to the "threat" testimony. He did neither and, therefore, the issue is not preserved for appeal. *See State v. McLaughlin,* 307 S.C. 19, 413 S.E. (2d) 819, (1992). Therefore, Stancil's "Carroll took me" testimony is harmless beyond a reasonable doubt in light of all other evidence in the record. Accordingly, we find no basis for reversal on this issue.

For all of the foregoing reasons, we reverse and remand for a hearing on the sufficiency of the search warrant affidavit, and we affirm all other issues.

Affirmed in part, reversed in part and remanded.

CURETON, GOOLSBY and CONNOR , JJ., concur.