THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Phillip Miller, Appellant.
 
 
 

Appeal From Beaufort County
 A. Victor Rawl, Circuit Court Judge
Unpublished Opinion No. 2007-UP-254
Submitted April 2, 2007  Filed May 24, 2007    

AFFIRMED

 
 
 
 Deputy Chief Attorney for Capital Appeals Robert M. Dudek, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka,
 Senior Assistant Attorney General W. Edgar Salter, III, all of Columbia and Solicitor I. McDuffie Stone, III, of Hampton, for Respondent.
 
 
 

PER CURIAM: Phillip Miller appeals from his conviction for murder, arguing the trial court erred in failing to charge the jury on voluntary manslaughter.  We affirm.[1]
FACTS
Ernest Aiken, Jr., was shot and killed on April 28, 2003.  Police arrested Miller for the crime, and three eyewitnesses testified against Miller at trial.  According to two of the witnesses, the victim had punched Miller prior to being shot.  Based on this evidence, the State requested the jury be charged on voluntary manslaughter.  Defense counsel objected to this lesser-included charge.  With counsels permission, the trial court engaged in a colloquy with Miller explaining to Miller his right to have the lesser-included crime charged and the different penalties each crime carried.  Miller assured the trial court that he and his counsel had discussed those kinds of things and after those discussions, Miller decided that he did not want a jury instruction on voluntary manslaughter. 
 
Pursuant to Millers wishes, the trial court did not charge the jury on voluntary manslaughter.  The jury convicted him of murder, and he was sentenced to thirty years in prison.  This appeal followed.
LAW/ANALYSIS
Miller argues the trial court erred by refusing to charge the jury on voluntary manslaughter because there was evidence the victim had punched Miller before getting shot.  Specifically, Miller argues that neither the defense nor the solicitor should be allowed to insist that an instruction on a lesser-included offense not be given where it is undisputed there is evidence of that lesser-included offense.  We disagree.
South Carolina appellate courts do not follow the plain error rule.  See State v. Vanderbilt, 287 S.C. 597, 598, 340 S.E.2d 543, 543-44 (1986) (Issues not properly preserved at trial may not be raised for the first time on appeal.) overruling State v. Griffin, 129 S.C. 200, 124 S.E. 81 (1924) (holding that the supreme court will take notice, on defendants behalf, of an error in the admission of evidence apparent on the record even though no objection was made). Even in death penalty cases, our supreme court only reviews cases for preserved errors.  See State v. Torrence, 305 S.C. 45, 60-71, 406 S.E.2d 315, 323-29 (1991) (abolishing in favorem vitae review in capital cases).  Furthermore, case law clearly states that an issue cannot be raised on appeal even though another party objects.  State v. Nichols, 325 S.C. 111, 123, 481 S.E.2d 118, 124 (1997) (finding issues not preserved where defendant failed to join in co-defendants objections).
Here, not only did Miller make no objection to the manslaughter charge, he specifically requested that no such charge be given. See State v. Chasteen, 242 S.C. 198, 130 S.E.2d 473 (1963) (holding that the defendant could not complain of an error he invited). Accordingly, he cannot now complain that the charge was not given.
AFFIRMED.
HEARN, C.J., and GOOLSBY and STILWELL, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.