**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Ronald McCauley, Appellant.

Appellate Case No. 2010-181526

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2013-UP-202
Heard May 7, 2013 – Filed May 15, 2013

**AFFIRMED**

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

**PER CURIAM:**  This appeal arises out of Appellant Ronald Lee McCauley's convictions for three counts of first-degree criminal sexual conduct with a minor, two counts of committing or attempting a lewd act upon a child, and three counts

of unlawful conduct towards a child.  We affirm pursuant to Rule 220(b), SCACR. As to Issue 1:  *State v. Harris*, 351 S.C. 643, 652, 572 S.E.2d 267, 272 (2002) ("A motion for severance is addressed to the trial court and should not be disturbed unless an abuse of discretion is shown."); *State v. Anderson*, 318 S.C. 395, 400, 458 S.E.2d 56, 59 (Ct. App. 1995) ("[T]he trial court did not abuse its discretion in denying Anderson's severance motion and Anderson was not prejudiced by the admission into evidence of prior convictions because the trial court gave a sufficient limiting instruction to the jury."); *State v. Jones*, 325 S.C. 310, 315-16, 479 S.E.2d 517, 520 (Ct. App. 1996) (finding the trial court did not abuse its discretion in granting the State's motion to consolidate the charges of first-degree criminal sexual conduct, second-degree criminal sexual conduct, criminal conspiracy, and contributing to the delinquency of a minor where "the offenses charged were of the same general nature involving allegations of a pattern of sexual abuse involving the two minor victims").  As to Issue 2:  *State v. Brandt*, 393 S.C. 526, 542, 713 S.E.2d 591, 599 (2011) (finding a motion for directed verdict is properly denied when there is any direct evidence or substantial circumstantial evidence that reasonably tends to prove the defendant's guilt); *State v. McHoney*, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001) ("In reviewing a motion for directed verdict, the trial judge is concerned with the existence of the evidence, not with its weight."); *State v. Carlson*, 363 S.C. 586, 595, 611 S.E.2d 283, 287 (Ct. App. 2005) ("A party cannot complain of an error which his own conduct has induced."); *State v. Logan*, 279 S.C. 345, 348, 306 S.E.2d 622, 624 (1983) ("Appellant can neither take advantage of an error he contributed to at trial nor preserve a vice and, upon learning of the outcome of trial, raise it on appeal."); *State v. Chasteen*, 242 S.C. 198, 201, 130 S.E.2d 473, 475 (1963) ("Even if there were error, it was clearly invited by counsel for appellant, leaving appellant in no position to complain.").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**