**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brandon Cox, Appellant.

Appellate Case No. 2017-001476

---

Appeal From Pickens County
Robert E. Hood, Circuit Court Judge

---

Unpublished Opinion No. 2020-UP-204
Heard December 2, 2019 – Filed July 1, 2020

---

**AFFIRMED**

---

Chief Appellate Defender Robert Michael Dudek, of Columbia, and Jason Scott Luck, of Garrett Law Offices, of North Charleston, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

---

**PER CURIAM:** Brandon Lee Cox appeals from his convictions for first-degree criminal sexual conduct (CSC) with a minor and third-degree sexual exploitation

of a minor asserting the trial court erred in: (1) refusing to charge a lesser-included offense; (2) admitting evidence of Cox's jailhouse conversation with his father that was in violation of Rule 5, SCRCrimP; (3) failing to allow re-redirect examination of Cox on the jailhouse conversation; and (4) excluding evidence of contact with a witness during the trial by the father of the victim. Cox further argues (5) the cumulative effect of errors in his trial requires reversal. We affirm.

1.      As to Cox's argument the trial court wrongfully refused to charge assault and battery in the second degree (AB-2nd) as a lesser-included offense of the CSC with a minor charge, we find this issue is not preserved for our review. At trial, Cox sought a jury instruction on assault and battery of a high and aggravated nature (ABHAN) as a lesser-included offense of the CSC charge. He never mentioned AB-2nd as a lesser-included offense.  Contrary to Cox's appellate assertion, the trial court did not disallow any lesser-included charge but simply determined that the now-codified ABHAN crime is not a lesser-included offense of first-degree CSC with a minor—the only argument raised to the court. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal."); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("Issue preservation rules are designed to give the trial court a fair opportunity to rule on the issues, and thus provide us with a platform for meaningful appellate review." (quoting *Queen's Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.*, 368 S.C. 342, 373, 628 S.E.2d 902, 919 (Ct. App. 2006))); *Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("Imposing such a requirement on the appellant 'is meant to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments.'" (quoting *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000))).

Additionally, this issue is controlled by our supreme court's recent decision in *State v. Hernandez*, 428 S.C. 257, 259-61, 834 S.E.2d 462, 463-64 (2019), wherein the court held the codification of common law assault and battery and its various degrees changed the status of ABHAN as a lesser-included offense of CSC such that the trial court properly denied Hernandez's request to charge the jury on first and second-degree assault and battery as lesser-included offenses of CSC with a minor.

2.	As to his argument concerning the State's failure to comply with Rule 5, SCRCrimP, even assuming the State violated this rule by failing to provide defense counsel a copy of the telephone conversation between Cox and his father, we find no prejudice. It is undisputed that the State made defense counsel aware of the existence and the substance of the phone call prior to trial, and Cox has failed to show how he was prejudiced by a failure to receive a copy of the conversation. *See State v. Kennerly*, 331 S.C. 442, 453-54, 503 S.E.2d 214, 220 (Ct. App. 1998) ("Once a Rule 5 violation is shown, reversal is required only [when] the defendant suffered prejudice from the violation."); *State v. Landon*, 370 S.C. 103, 108, 634 S.E.2d 660, 663 (2006) ("A violation of Rule 5[, SCRCrimP] is not reversible unless prejudice is shown.").

Further, even assuming the trial court erred in admitting testimony of the jailhouse phone conversation between Cox and his father, we find any such error harmless given the other overwhelming evidence of Cox's guilt. *See State v. Brown*, 424 S.C. 479, 493, 818 S.E.2d 735, 743 (2018) ("Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result." (quoting *State v. Pagan*, 369 S.C. 201, 212, 631 S.E.2d 262, 267 (2006))); *id.* ("Where 'guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached,' an insubstantial error that does not affect the result of the trial is considered harmless." (quoting *State v. Byers*, 392 S.C. 438, 447, 710 S.E.2d 55, 60 (2011))); *id.* ("Where a review of the entire record establishes the error is harmless beyond a reasonable doubt, the conviction should not be reversed." (quoting *State v. Price*, 368 S.C. 494, 499, 629 S.E.2d 363, 366 (2006))); *State v. Chavis*, 412 S.C. 101, 110 n.7, 771 S.E.2d 336, 340 n.7 (2015) (recognizing error in admitting certain testimony can be deemed harmless when there is other overwhelming evidence of guilt); *State v. Daise*, 421 S.C. 442, 461, 807 S.E.2d 710, 719 (Ct. App. 2017) (holding any error in admitting testimony was harmless due to the other overwhelming evidence of the appellant's guilt). The undisputed evidence of record shows Victim was sexually abused in her home between 8:00 and 10:30 a.m. on May 25, 2015 as depicted on video; Cox was living with Victim's family and, besides Victim's father—whose hands were not similar to those in the videos—and her very young siblings, Cox was the only other male in the home at the time of the incident; Cox had access to Victim at the time of the incident, having been left alone with her the night before; and Cox constantly wore a unique bracelet, identical to the one observed in the videos on the hand of the person molesting the child. Additionally, review of the exhibits in this case reveals remarkable similarities between the feet, fingers, bracelet and—in particular—location of an identifying freckle or scab on the hand depicted in the

videos of the crime and the photographs of Cox taken at the detention center after his arrest, which occurred the day after the videos were taken.

3.      As to the trial court's refusal to allow re-redirect examination of Cox concerning the jailhouse telephone conversation, we note defense counsel failed to proffer Cox's re-redirect testimony on the subject. *See State v. Jackson*, 384 S.C. 29, 34, 681 S.E.2d 17, 19 (Ct. App. 2009) ("Generally, the failure to make a proffer of excluded evidence will preclude review on appeal."). Further, we are not convinced there is any other questioning on the matter that would have been beneficial to Cox's case. Cox had already denied he obtained the tattoos in an attempt to disguise his hands and testified his reason for getting the tattoos was religious and that he knew law enforcement had pictures of his hands prior to getting the tattoos. He further explained the reason he lied to his father—about having the tattoos before he went to jail and how that was the key to his case—was because he did not want his father to think less of him. *See State v. Jenkins*, 322 S.C. 360, 367, 474 S.E.2d 812, 816 (Ct. App. 1996) ("The reason for the rule requiring a proffer of excluded evidence is to enable the reviewing court to discern prejudice.").

At any rate, assuming the trial court erred in refusing to allow re-redirect examination of Cox concerning the jailhouse telephone conversation, we find any such error harmless given the other overwhelming evidence of Cox's guilt. *Brown*, 424 S.C. at 493, 818 S.E.2d at 743 ("Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result." (quoting *Pagan*, 369 S.C. at 212, 631 S.E.2d at 267)); *id.* ("Where 'guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached,' an insubstantial error that does not affect the result of the trial is considered harmless." (quoting *Byers*, 392 S.C. at 447, 710 S.E.2d at 60)); *id.* ("Where a review of the entire record establishes the error is harmless beyond a reasonable doubt, the conviction should not be reversed." (quoting *Price*, 368 S.C. at 499, 629 S.E.2d at 366)).

4.      As to Cox's assertion the trial court erred in excluding evidence of contact with a witness during the trial by the father of Victim because it was a violation of the Confrontation Clause, we also find this argument is not preserved for our review. Defense counsel argued at trial that the testimony was relevant as to whether the witness's testimony would be influenced by Victim's father. However, defense counsel never raised to the trial court that exclusion of the evidence was a violation of Cox's right to cross-examine a witness under the Confrontation Clause. Defense counsel also never argued below, as he does on appeal, that he should

have been allowed to recall Victim's father to cross-examine him on the matter, and the trial court never ruled on such. *See Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693-94 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal."); *Lewis*, 398 S.C. at 329, 730 S.E.2d at 285 ("Issue preservation rules are designed to give the trial court a fair opportunity to rule on the issues, and thus provide us with a platform for meaningful appellate review." (quoting *Queen's Grant II Horizontal Prop. Regime*, 368 S.C. at 373, 628 S.E.2d at 919)); *Herron*, 395 S.C. at 465, 719 S.E.2d at 642 ("Imposing such a requirement on the appellant 'is meant to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments.'" (quoting *I'On, L.L.C.*, 338 S.C. at 422, 526 S.E.2d at 724)).

Further, even assuming the issue is properly preserved, we find no merit. Cox argues he was entitled to cross-examine a witness concerning bias under the Confrontation Clause. The Confrontation Clause provides a defendant with the right "to be confronted with the *witnesses against him*." U.S. Const. amend. VI (emphasis added). As noted by the State, Cox—the defendant—sought to admit the evidence through *his own defense witness*. Also, the proffered testimony reveals Victim's father did not instruct the witness to lie or say anything that he felt was untrue, did not direct him to testify to anything he was not already going to say, and did not ask him to change his testimony. Additionally, the conversation the witness had with Victim's father did not, and would not, change his testimony. Thus, not only has Cox failed to demonstrate that he was prohibited from engaging in cross-examination, he has also failed to show that the evidence he sought to admit demonstrated some form of bias in the witness. *See State v. Gracely*, 399 S.C. 363, 372, 731 S.E.2d 880, 885 (2012) ("A defendant demonstrates a Confrontation Clause violation when he is prohibited from 'engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias . . . from which jurors . . . could draw inferences relating to the reliability of the witness.'" (quoting *State v. Stokes*, 381 S.C. 390, 401-02, 673 S.E.2d 434, 439 (2009))).

Additionally, Cox fails to argue on appeal against the trial court's ruling that the conversation between Victim's father and the witness was inadmissible pursuant to Rule 403, SCRE. Accordingly, this ruling is the law of the case. *See State v. Black*, 400 S.C. 10, 28, 732 S.E.2d 880, 890 (2012) (noting an unchallenged ruling, right or wrong, becomes the law of the case); *State v. Sampson*, 317 S.C. 423, 427, 454 S.E.2d 721, 723 (Ct. App. 1995) (holding the appellant's failure to challenge

the trial court's exclusion of evidence on the ground that its prejudicial effect outweighed its probative value rendered it the law of the case). Further, we find no abuse of discretion in the trial court's exclusion of the evidence pursuant to Rule 403, SCRE. The probative value is limited given the witness's assurance Victim's father did not instruct him to lie, say anything untrue, or testify to anything he was not already going to say, and the conversation with Victim's father would not change his testimony. Additionally, the evidence had the potential to confuse the issues or mislead the jury. *See State v. Cottrell*, 421 S.C. 622, 639, 809 S.E.2d 423, 433 (2017) ("The right to present a defense is not without limits, and the right does not allow criminal defendants to present any evidence regardless of its admissibility under the rules of evidence."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *Cottrell*, 421 S.C. at 640, 809 S.E.2d at 433 ("The decision whether to admit evidence under [Rule 403] is . . . left to the sound discretion of the trial judge, and the decision will only be set aside in extraordinary circumstances where the discretion has been plainly abused.").

5.     Finally, as to Cox's cumulative error argument, we also find this issue is not preserved for our review. *See State v. Beekman*, 405 S.C. 225, 236-37, 746 S.E.2d 483, 489 (Ct. App. 2013) (holding a cumulative effect of errors argument is not preserved for appeal when the issue is neither raised to nor ruled upon by the trial court); *id.* at 237-38, 746 S.E.2d at 490 (noting our courts do not apply the "plain error" rule and, therefore, holding the appellant was not allowed to argue that the cumulative effect of several unpreserved matters deprived him of a fair trial).

Further, even assuming the argument is properly preserved, we find no prejudicial errors combined to affect Cox's right to a fair trial. *See id.* at 237, 746 S.E.2d at 490 ("The cumulative error doctrine provides relief to a party when a combination of errors, insignificant by themselves, has the effect of preventing the party from receiving a fair trial, and the cumulative effect of the errors affects the outcome of the trial."); *id.* ("An appellant must demonstrate more than error in order to qualify for reversal pursuant to the cumulative error doctrine; rather, he must show the errors adversely affected his right to a fair trial to qualify for reversal on this ground."). At any rate, we find any error is harmless given the overwhelming evidence of Cox's guilt as discussed above.

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and, MCDONALD JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.