21197

The STATE, Respondent, v. Allen Pearl BROWN, Appellant.
(266 S. E. (2d) 64)

*Kenneth R. Kitts* and *William R. Bauer,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes* and *Staff Atty. Lindy Pike Funkhouser,* Columbia, and *Sol. Capers G. Barr, III,* Charleston, *for respondent.*

April 15, 1980.

NESS, Justice:

Appellant Allen Pearl Brown was found guilty of making an obscene telephone call and sentenced to one year. He asserts the statute proscribing obscene telephone calls is unconstitutionally vague and overbroad. We disagree.

On August 4, 1978, Ms. Kate Odom received an obscene telephone call from an anonymous male caller, who was subsequently identified as appellant, with whom Ms. Odom had prior business contacts.

Section 16-17-430, Code of Laws of South Carolina (1976), provides in relevant part:

"It shall be unlawful for any person anonymously or otherwise: (1) To use in a telephonic communication any words or language of a profane, vulgar, lewd, lascivious, or an indecent nature, or to threaten in a telephonic communication any unlawful act with the intent to coerce, intimidate, or harass another person, or to communicate or convey by telephone an obscene, vulgar, indecent, profane, suggestive, or immoral message to another person . . . 527"

Admittedly the above quoted language of the statute is broad, but we do not find it so vague as to be easily misunderstood nor so broad as to extend beyond the State's power to enact.

The State has a legitimate interest in prohibiting obscene, threatening or harassing telephone calls. *State v. Hagen,* 27 Ariz. App. 722, 558 P. 2d 750 (1976); *Walker v. Dillard,* 523 F. 2d 3 (4th Cir. 1975); *Miller v. California,* 413 U. S. 15, 93 S. Ct. 2607 at 2615, 37 L. Ed. 2d 419 (1973).

We shall not repeat the words appellant allegedly used in the telephone calls to Mrs. Odom. Suffice it to say they were lewd, lascivious and indecent as those words are generally defined and understood. The use of one's telephone involves substantial privacy interests which the State may protect. Section 16-17-430 seeks to protect that interest from an invasion made in a shocking manner.

We construe the quoted portion of the statute as proscribing only calls initiated by one with the intent and sole purpose of conveying an unsolicited obscene, imminently threatening and/or harassing message to an unwilling recipient. As so construed, the statute is neither vague nor overbroad. *Roth v. U. S.,* 354 U. S. 476, 77 S. Ct. 1304, 1 L. Ed. 2d 1498 (1957); *Winters v. New York,* 333 U. S. 507, 68 S. Ct. 665, 92 L. Ed. 840 (1948); also see cases collected at 95 A. L. R. 3d 411-444 (1979).

Appellant's remaining exceptions are without merit and dismissed under Rule 23.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.