21994

The STATE, Respondent, v. Maderia D. HARDEE, Appellant.

(308 S. E. (2d) 521)

*Walter Bilbro, Jr.,* Charleston, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod,* and *Asst. Attys. Gen. Harold M. Coombs, Jr., Martha L. McElveen* and *Charles H. Richardson,* Columbia, and *Sol. Norman E. Fogle,* Orangeburg, *for respondent.*

October 19, 1983.

GREGORY, Justice:

Appellant Maderia D. Hardee was convicted of committing a lewd act upon a minor, a violation of S. C. Code Ann. § 16-15-140 (1976). He appeals, asserting numerous errors. We affirm.

First, appellant contends § 16-15-140 of the Code and the indictment violate his right to due process because the use therein of the disjunctive term "or" does not give him clear and precise notice of the nature of the accusation and denies him protection against double jeopardy.

Section 16-15-140 of the Code provides:

> It shall be unlawful for any person over the age of fourteen years to wilfully and lewdly commit or attempt any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child . . . .

The disjunctive phrases in this statute are merely descriptive of the offensive act, child molesting; thus, there is no misjoinder of offenses for which appellant might later be charged after acquittal or conviction on the present charge. *See Cole v. State,* 162 Ga. App. 353, 291 S. E. (2d) 427 (1982). Section 16-15-140 clearly gave appellant notice of the accusation against him.

Appellant next contends the terms of the statute are vague and overbroad, thus, do not give notice of the conduct required to avoid its penalty.

In construing a statute, the language used should be given its plain and ordinary meaning. The terms appellant asserts should be defined — lewd, lascivious, lust, passions, desires, arousing, appealing, gratifying, and

sexual — are commonplace terms which are easily found in dictionaries and other source books. This exception is without merit.

Appellant next argues the trial judge erred in failing to disqualify a prospective juror who was a close friend of the chief investigating officer and captain of the sheriff's department which was handling the case. We disagree.

Upon questioning by the trial judge, the prospective juror stated his close friendship with the officers would not affect his ability to give appellant a fair and impartial trial. Where a juror unequivocally states he is not conscious of any bias or prejudice and he can give the defendant and the state a fair and impartial trial and render a verdict according to the law and evidence, there is no abuse of discretion in the trial court's decision to qualify the juror. *State v. Johnson*, 248 S. C. 153, 149 S. E. (2d) 348 (1966). Moreover, appellant used only four of his five peremptory challenges, thus, is in no position to complain of the court's refusal to disqualify the juror. *See State v. Britt*, 237 S. C. 293, 117 S. E. (2d) 379 (1960).

Appellant argues the trial judge erred in ruling the eight year old victim was competent to testify. Again, we disagree.

The qualification of witnesses rests within the court's discretion, whose decision will not be reversed absent abuse of discretion. *State v. Lambert*, 276 S. C. 398, 279 S. E. (2d) 364 (1981). The trial judge determined the young boy satisfied the "moral accountability" requirement set forth in *State v. Green*, 267 S. C. 599, 230 S. E. (2d) 618 (1976). We find no abuse of discretion.

Appellant argues the trial judge erred in charging § 16-15-140 in its entirety since the indictment only charged him with committing an act with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the minor.

An indictment is sufficient if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer and acquittal or conviction to be placed in bar to any subsequent prosecution. *State v. Sweat*, 276 S. C. 448, 279 S. E. (2d) 375 (1981). The indictment clearly charged appellant with a violation of

§ 16-15-140 of the Code. The trial judge would know what judgment to pronounce, the defendant surely would know what he is called upon to answer, and acquittal or conviction would bar any subsequent proceeding. This exception is without merit.

Appellant argues the trial judge erred in refusing to direct a verdict in his favor based on the insufficiency of evidence to show any act was done with the intent of arousing the sexual desires of the minor. As stated above, the indictment charged appellant with a violation of § 16-15-140 which includes any lewd act done with the intent of arousing the sexual desires of the accused. We are of the opinion there was sufficient evidence to submit to the jury and the trial judge did not err in refusing to direct a verdict of acquittal.

Next, appellant argues the trial judge erred in refusing to instruct the jurors that they could consider the minor's delayed outcry in favor of appellant.

The minor testified he told his mother approximately three weeks later that appellant had put his hand in the minor's pants and felt his private parts. Appellant asserts the delayed outcry would cast strong suspicion on the truth and veracity of the minor's testimony. It is elementary that a trial judge may not inject into the trial his opinion as to the truth and veracity of any witness. This is a matter for counsel to argue to the jury. We find no error.

Appellant argues the trial judge's definition of reasonable doubt was insufficient and impliedly shifted the burden of proof to appellant to establish a doubt for which the juror could articulate a reason before he could vote "not guilty."

This Court approved the trial judge's definition of reasonable doubt most recently in *State v. Woomer*, ____ S. C. ____, 229 S. E. (2d) 317 (1982). This exception is without merit.

Lastly, appellant argues the trial judge erred in refusing to instruct the jury on the distinction between "not guilty" and "innocent." Appellant asserts he was entitled to an instruction articulately explaining to the jury that its function was not to determine appellant's innocence, but only to determine whether or not the prosecution proved appellant guilty beyond a reasonable doubt.

The trial court clearly instructed the jury on the presump-

tion of innocence and the state's burden to prove appellant guilty beyond a reasonable doubt. To further define "innocent" and "not guilty" as appellant requested might only confuse and mislead the jury. This exception is meritless.

Accordingly, appellant's conviction is affirmed.

LEWIS, C. J.,and LITTLEJOHN, NESS and GREGORY, JJ., concur.