22021

The CITY OF COLUMBIA, South Carolina, Respondent, v. Martha Deese MOSER, Appellant. DOVAN ENTERPRISES, d/b/a Sauna World, Appellant, v. The CITY OF COLUMBIA, South Carolina, Respondent.

(311 S. E. (2d) 920)

Supreme Court of South Carolina.

*James T. McLaren* of *Draine & McLaren*, Columbia, *for appellants.*

*Walter B. Todd*, Columbia, *for respondent.*

Dec. 28, 1983.

LITTLEJOHN, Justice:

The first of these cases involves criminal convictions for committing a lewd act and for operating a massage parlor without a license. The second case questions whether the City of Columbia properly refused to renew Appellant Dovan En-

terprises' license to do business as a "steam bath" enterprise.

These appeals were consolidated by consent. At oral argument, counsel for Appellants and Respondent agreed that the criminal appeal would be determinative of the license appeal.

Appellant Moser was charged with violations of § 7-5002, *Code of Ordinances of the City of Columbia*, (operating a massage parlor without a license) and violation of *S. C. Code Ann.* § 16-15-90(5), (7), (8) and (10) (1976), as amended. The relevant state code sections provide:

> It shall be unlawful to:
> (5) Reside in, enter or remain in any place, structure, building, vehicle, trailer or conveyance for the purpose of lewdness, assignation or prostitution;
> . . . .
> (7) Receive any person for purposes of lewdness, assignation or prostitution into any vehicle, conveyance, trailer, place, structure or building;
> (8) Permit any person to remain for the purpose of lewdness, assignation or prostitution in any vehicle, conveyance, trailer, place, structure or building;
> . . . .
> (10) Lease or rent or contract to lease or rent any vehicle, conveyance, trailer, place, structure or building or part thereof believing or having reasonable cause to believe that it is intended to be used for any of the purposes herein prohibited.

*Columbia City Code* § 7-5002 provides in part that:

> Any person desiring to engage in the operation of a health club, massage parlor, spa, physical culture club or similar establishment, shall, before engaging in such business obtain a city business license . . . .

Appellant first argues that the statutes and city ordinance under which she was convicted are constitutionally invalid. Her claim is that on their face and as applied they are overbroad, void for vagueness, indefinite and confusing, thereby failing to provide notice of what constitutes criminal conduct in violation of the due process clauses of the United States and South Carolina Constitutions.

We addressed these issues in analyzing a statute similar to *S. C. Code Ann.* § 16-15-90 in *State v. Hardee,* 308 S. E. (2d) 521 (1983). In upholding the constitutionality of the statute involved in *Hardee,* we stated:

> In construing a statute, the language used should be given its plain and ordinary meaning. The terms appellant asserts should be defined — lewd, lascivious, lust, passions, desires, arousing, appealing, gratifying, and sexual — are commonplace terms which are easily found in dictionaries and other source books. This exception is without merit.

Likewise, we find no constitutional deficiency, in the language of *S. C. Code Ann.* § 16-15-90 or *Columbia City Code* § 7-5002.

Appellant next argues that the trial court erred in ■ charging the jury the entire statute and ordinance and in failing to define the operative terms.

Appellant Moser argues that the terms "assignation" and "prostitution" in the statute were highly prejudicial and misleading to the jury because no evidence was introduced to support a conviction on either of these grounds. Additionally, the arrest warrant, as relates to the state statute, only charged Moser with committing a lewd act.

We hold that the language complained of is not so offensive or confusing that reasonable minds would be mislead or prejudiced by the reading thereof.

As to defining the operartive terms, *State v. Hardee, supra,* has already held that lewdness is a common word with ordinary meaning. Therefore, no "defining" of the terms in the statute was necessary.

Appellant also argues that the trial court should have ■ defined the term "massage parlor." We have searched the record and find no request by the Appellant that the term "massage parlor" be defined for the jury. The issue is, therefore, not properly before the Court. *See, State v. Jenkins,* 249 S. C. 570, 155 S. E. (2d) 624 (1967).

Appellant next contends that the trial court erred in ■ failing to charge the jury that conviction pursuant to either the statute or the ordinance required a specific intent to violate their terms.

Here, Appellant relies on *State v. Brown*, 274 S. C. 506, 266 S. E. (2d) 64 (1980), as standing for the proposition that an overly broad statute may be made constitutional by requiring specific intent to commit the prohibited conduct. Appellant's reliance on *Brown* is misplaced. In *Brown*, we specifically held that the language of the statute in question, *S. C. Code Ann.* § 16-17-430 (1976), was neither vague nor overbroad.

However, if we adopted Appellant's theory, this argument would fail because we have found both the statute and the ordinance to survive constitutional attack.

Finally, Appellant Moser argues that certain testimony offered by police officers was irrelevant and/or hearsay. The admissibility of evidence is largely within the discretion of the trial judge.

We have reviewed those portions of the record which Appellant complains of and find these allegations to be without merit.

Appellant argued in her brief that certain testimony offered by the prosecution was character evidence and others were evidence of habit. Since no exception was taken on that basis, these questions are not properly before this Court.

Appellant's conviction is affirmed.

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.