STATE OF CONNECTICUT *v.* IRVIN D. ROSE
(AC 21512)

Flynn, Bishop and Healey, Js.

Argued September 18—officially released November 26, 2002

*James M. Fox*, special public defender, for the appellant (defendant).

*Nancy L. Chupak*, assistant state's attorney, with whom, on the brief, were *Eugene J. Callahan*, state's attorney, and *Richard J. Colangelo, Jr.*, assistant state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. The defendant, Irvin D. Rose, appeals from the judgment of conviction, rendered after a jury trial, of twenty counts of credit card theft in violation of General Statutes § 53a-128c (a) and one count of larceny in the sixth degree in violation of General Statutes §§ 53a-119 and 53a-125b. The defendant's sole claim on appeal is that the trial court violated his federal and state constitutional rights to self-representation when it denied his motion to waive counsel and to represent himself. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of the defendant's appeal. On December 13, 1998, the

defendant was charged with the previously identified crimes as well as with being a persistent larceny offender in violation of General Statutes § 53a-40. On January 15, 1999, a special public defender was appointed to represent him.

By April 19, 1999, a third public defender, James Ginocchio, was appointed to represent the defendant after claims by the defendant that the prior two attorneys had been ineffective. Ginocchio, after consulting with his client, petitioned the court to order a competency examination pursuant to General Statutes § 54-56d. Initially, Ginocchio did not expand on his reasons for requesting such an evaluation. The defendant objected to Ginocchio's request and asserted that he would not comply with the court's order. He insisted on being allowed to represent himself.

Subsequently, multiple evaluations were scheduled for the defendant in which he failed to cooperate. By the end of November, 1999, he had missed four scheduled appointments.[1] That same month, Ginocchio sought to withdraw as counsel, citing a breakdown in communication with the defendant. Attorney Michael E. Paris was appointed as a special public defender to replace Ginocchio. Paris soon encountered difficulties in communicating with the defendant.

The defendant thereafter informed the court that his refusal to cooperate with Paris and his prior attorneys was due to his belief that they were not representing his best interest and that they were withholding vital records from him, especially reports detailing the charges against him. He added that his attorneys' failure to provide him with the relevant information regarding his defense caused him to file his own discovery motion, with which, he claimed, the state was not complying.

[1] The record reveals that competency examinations were scheduled for the defendant on seven occasions.

The court advised the defendant that he should correspond with the state through his counsel and that he could represent himself if the court were satisfied that he was competent.

Paris filed a motion on the defendant's behalf to vacate the order to have him evaluated for competency to waive counsel. Before Paris' motion to vacate was decided, the defendant sent a letter to the state, criticizing Paris' performance, his prior counsel and the entire defense process. That letter caused the state to question the defendant's ability to understand the nature of the proceedings and to assist in his defense.

The record amply demonstrates that throughout the remainder of the proceedings, the defendant continuously disrupted the court proceedings and refused to cooperate with his counsel in preparation for his defense. Furthermore, the defendant never attended any of seven scheduled competency examinations. At one point, the defendant agreed to be evaluated, but only if the sessions were videotaped. The court viewed his request as an attempt to avoid complying with a court order. The defendant also filed a complaint against one of the trial judges with the judicial review council, which was dismissed.

Finally, on July 18, 2000, the court vacated its prior order to have the defendant evaluated after it concluded that he had been found to be competent to stand trial in a prior case. Additionally, the court found that Ginocchio had failed to establish a proper foundation to support his motion for a competency examination, as required by law.[2]

---

[2] The court stated that it "had the opportunity to review the transcript of the proceedings on April 19, 1999 . . . that date, of course, being the date which triggered the initial court order for a competency evaluation. The transcript of those proceedings does not provide this court with guidance as to the reason for the request for an evaluation by defense counsel Ginocchio."

One month later, on August 22, 2000, a hearing was held regarding the defendant's motion to represent himself at trial. At the hearing, the defendant was disruptive. The court became concerned with the defendant's demeanor while appearing before it and also took the defendant's statement that all of his attorneys were incompetent as an indication that he did not understand the judicial process. Accordingly, the court denied the defendant's motion to represent himself. Thereafter, the defendant proceeded to trial and was found guilty on all charges and sentenced to a total effective term of three years imprisonment.

The defendant's sole claim on appeal is that the court violated his federal and state constitutional rights to self-representation when it denied his motion to waive counsel and to represent himself. We disagree.

At the outset, we note that "[t]he determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. . . . This important decision rests within the discretion of the trial judge." (Citation omitted; internal quotation marks omitted.) *State* v. *Varricchio*, 10 Conn. App. 265, 269–70, 522 A.2d 843 (1987). Our inquiry, therefore, is to determine whether the court abused its discretion in denying the defendant's request to discharge his counsel and to represent himself.

It is settled law that "[b]oth the federal constitution and our state constitution afford a criminal defendant the right to [forgo] the assistance of counsel and to choose instead to represent himself or herself at trial. As a matter of federal constitutional law, the right to self-representation is premised on the structure of the Sixth Amendment, as well as in the English and colonial jurisprudence from which the Amendment emerged.

. . . The Connecticut constitution is more explicit, stating directly that [i]n all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Day*, 233 Conn. 813, 820, 661 A.2d 539 (1995).

Although it may be settled law that a criminal defendant has "an absolute right to self-representation, that right is not self-executing. A trial court in this state must satisfy itself that several criteria have been met before a criminal defendant properly may be allowed to waive counsel and proceed pro se." Id., 822. Those criteria include a determination by the court (1) that the defendant is competent to waive counsel, and (2) that his waiver is knowing, intelligent and voluntary. See *Godinez* v. *Moran*, 509 U.S. 389, 396, 113 S. Ct. 2680, 125 L. Ed. 2d 321 (1993); *Faretta* v. *California*, 422 U.S. 806, 836, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); *State* v. *Day*, supra, 233 Conn. 822.

A defendant is deemed competent to waive counsel when it is shown that he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." (Internal quotation marks omitted.) *Godinez* v. *Moran*, supra, 509 U.S. 396. We need not address that point because the defendant was found to be competent.[3]

After a determination by the court that a criminal defendant is competent, its next task is to determine whether his decision to waive the right to counsel is knowing, intelligent and voluntary. *State* v. *Day*, supra,

---

[3] The court stated: "Since I've had the opportunity to evaluate a prior competency evaluation of [the defendant], and since [the defendant] continues to request that the court rely on the presumption of competence in making his request that this court vacate the order [for a competency examination], among other factors, that [the defendant] waives his right to the protection of that competency evaluation, this court vacates the order."

233 Conn. 822. A defendant has knowingly and intelligently waived the right to counsel if the trial judge finds that he "(1) [h]as been clearly advised of the right to the assistance of counsel, including the right to the assignment of counsel when so entitled; (2) [p]ossesses the intelligence and capacity to appreciate the consequences of the decision to represent oneself; (3) [c]omprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case; and (4) [h]as been made aware of the dangers and disadvantages of self-representation." Practice Book § 44-3.

In the present case, the court correctly determined that the defendant's decision to represent himself was neither intelligent nor voluntary. Specifically, the court noted in its memorandum of decision, dated January 25, 2002, that approximately five public defenders had been appointed to represent the defendant and that he had found all of them to be incompetent. Furthermore, the defendant's demeanor in court raised questions in the court's mind as to whether his claims of ineffective assistance were indications of his lack of understanding of the judicial process. Moreover, the court noted that the "defendant was disruptive and exhibited an inability to conform his behavior or to follow courtroom procedures and decorum while in his current state, i.e., represented by counsel."

Our Supreme Court has made clear that the right to self-representation can be forfeited when a criminal defendant engages in disruptive behavior that demonstrates his inability to follow courtroom procedures and decorum. *State* v. *Johnson,* 185 Conn. 163, 178–80, 440 A.2d 858 (1981) (pro se defendant had to be removed from courtroom due to his disruptive behavior), aff'd, 460 U.S. 73, 103 S. Ct. 969, 74 L. Ed. 2d 823 (1983); see also *Faretta* v. *California,* supra, 422 U.S. 834 n.46;

*Illinois* v. *Allen*, 397 U.S. 337, 90 S. Ct. 1057, 25 L. Ed. 2d 353 (1970).

Our review of the record reveals that the defendant was not deprived of his right to self-representation by the actions of the court. Indeed, it was the defendant himself, through his disruptive behavior, who forfeited his right to self-representation. He disobeyed court orders that he did not agree with, refused to communicate with the court through his attorneys and refused to cooperate with his attorneys in preparation for his defense. Given all of those disruptive events, the court did not abuse its discretion in denying the defendant's motion to represent himself because those events indicate that the defendant could not conform his behavior and brought into question his comprehension of the judicial process.

The judgment is affirmed.

In this opinion the other judges concurred.