THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Timothy E. Finley, Appellant.
 
 
 

Appeal From Greenville County
 J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2006-UP-419
Submitted December 1, 2006  Filed December 19, 2006

AFFIRMED

 
 
 
 Orin Gail Briggs, of Lexington, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  By this appeal Timothy E. Finley challenges his convictions for unlawful use of a telephone and impersonating a police officer, offenses created by S.C. Code Ann. §§ 16-17-430, -720 (2003), respectively.  He does not challenge his conviction for criminal contempt.  The jury failed to convict Finley of unlawful use of a 911 emergency telephone system, an offense created by S.C. Code Ann. § 23-47-80 (Supp. 2005).  We affirm.[1]
Finley, a registered, licensed security guard, worked at a bowling alley in Greenville, South Carolina.  The series of events that led to his arrest and convictions began when his girlfriend, Maureen Charping, came to visit him at his house.  Because he appeared drunk and verbally abused her, Charping left and went to her parents home.  While there, Finley telephoned Charping and told her that he could hunt her down and, because of his weapons training, could kill her.  Finley also spoke to Charpings father, mentioning a sniper rifle and being able to pick a person off from 250 yards.  The Charpings telephoned the police, who advised them to leave the house.  They did so and, after giving the police a statement, secured a room at a motel.
Finley twice telephoned 911 operators from his residence, seeking privileged information about a possible 911 call concerning the report of a crime.  He claimed to be a police officer with the City of Greenville.  Civilians may not access information about calls made to 911 because they are deemed confidential.  At trial, Charping identified a voice captured on a 911 tape as Finleys.
1.  The denial by the trial court of Finleys motion for a directed verdict provides no basis for a reversal of Finleys conviction and sentence.  The only arguments Finley made at trial in support of his motion as it related to the charges of unlawful use of a telephone and to impersonating a police officer were that the State failed to prove identity and that Charping signed an affidavit agreeing not to prosecute Finley.  Here, Finley does not advance either ground as a basis on which to overturn the trial courts ruling on his motion for a directed verdict, although he does summarily note in his brief, when arguing the State failed to prove the elements of the offense of impersonating a police officer, an argument not preserved for our review, that Charping signed an affidavit in which she stated she did not want to go forward with the prosecution.  See State v. Bailey, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) (noting a party cannot argue one ground for directed verdict at trial and argue another ground on appeal); State v. Russell, 345 S.C. 128, 132, 546 S.E.2d 202, 204 (Ct. App. 2001) (remarking that issues not raised to the trial judge in support of a motion for directed verdict afford no basis for appellate review); cf. State v. Jones, 344 S.C. 48, 58, 543 S.E.2d 541, 546 (2001) (finding the defendants argument is so conclusory that it has been abandoned and declining to address the merits of the issue for that reason).
2.  The trial court committed no abuse of discretion in having Finley removed from the courtroom for disruptive, insolent behavior, behavior that also formed the basis for his unappealed contempt conviction.  The trial court found Finley delayed the start of court by failing to cooperate with detention officers regarding his changing from his jail uniform into street clothes, intentionally dropped his pants in the courtroom, continued to speak to and shout down the trial court when the trial court tried to address him, kept interrupting the trial court as the trial court attempted to warn Finley that he would be ejected from the courtroom if he continued his interruptions, and resisted the officers when the trial court ordered Finley removed from the courtroom.  (The trial court further found Finley engaged in such loud and disruptive behavior after officers placed him in a courthouse holding cell that it necessitated his removal to another building.)  See State v. Logan, 279 S.C. 345, 348, 306 S.E.2d 622, 624 (1983) (holding an appellant cannot take advantage of an error he contributed to at trial); State v. Bell, 293 S.C. 391, 401, 360 S.E.2d 706, 711 (1987) (holding a defendant can waive his right to be present in the courtroom where the defendant engaged in disruptive conduct or interfered with the progress of the trial); see also North Carolina v. Rowe, 235 S.E.2d 873, 875 (N.C. Ct. App. 1977) (Ordinarily the trial judge should give a defendant an opportunity to correct his conduct before removal from the courtroom.  Obviously, however, that can only be done if the defendant gives the trial judge a reasonable opportunity. . . . The trial judge is not . . . required to engage in a shouting contest in order to warn a defendant that he will be removed from the courtroom if he does not desist [being disruptive].).
3. The trial court did not abuse its discretion by not allowing Finley to waive his right to counsel and to assert his right to represent himself.  Once Finleys unruly conduct prompted the trial court to remove Finley from the courtroom, he forfeited his right to a hearing pursuant to Faretta v. California, 422 U.S. 806 (1975) and waived his right to represent himself.  See State v. Cash, 309 S.C. 40, 43, 419 S.E.2d 811, 813 (Ct. App. 1992) (holding one factor a court may consider in determining whether to allow the accused to engage in self-representation is whether the accused is attempting to delay or manipulate the proceedings); Lopez v. Delaware, 861 A.2d 1245, 1250 (Del. 2004) (finding no error in refusing the defendants request to represent himself where he became disruptive and refused to follow the procedures for waiving his right to counsel); Connecticut v. Rose, 809 A.2d 534, 539 (Conn. App. Ct. 2002) ([I]t was the defendant himself, through his disruptive behavior, who forfeited his right to self-representation.).
4.  We need not address Finleys complaint concerning the trial courts charge to the jury on the elements of impersonating a law enforcement officer.  Finley argues the second element of the crime was not . . . properly charged by the court.  As we read section 16-17-720, the second element of the offense consists of a person acting upon a representation that he or she is a law-enforcement officer by arrest[ing] or detain[ing] any person, search[ing] any building or automobile or in any way impersonat[ing] a law-enforcement officer or act[ing] in accordance with the authority commonly given to such officers.  This issue is not preserved for appellate review, there being no objection by Finleys counsel to the charge on this ground.  See Rule 20(b), SCRCrimP ([T]he parties shall be given the opportunity to object to the giving or failure to give an instruction. . . . Failure to object in accordance with this rule shall constitute a waiver of objection.).[2]
5.  We likewise find no error in the trial courts denial of Finleys motion to quash the indictment that accused Finley of impersonation of a law-enforcement officer in violation of section 16-17-720.  The indictment at issue here provided adequate notice to Finley of the offense that he was charged with because it expressly references the statute that created the offense and uses substantially the same language found in the statute.  See S.C. Code Ann. § 17-19-20 (2003); State v. Reddick, 348 S.C. 631, 560 S.E.2d 441 (Ct. App. 2002); see also State v. Owens, 346 S.C. 637, 649, 552 S.E.2d 745, 751 (2001) (holding an indictment will be deemed sufficient when it includes a statutory reference that gives notice of the elements of the offense), overruled on other grounds by State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005).
6.  We do not address the issue raised by Finley regarding the trial courts charge on reasonable doubt.  The issue is not preserved for our review, there being no objection by Finley to the charge below.  See Rule 20(b), SCRCrimP (stating the failure to make an objection constitutes a waiver).
7.  We also do not address Finleys complaint regarding the striking by the State of three male jurors during jury selection.  This issue, too, is not preserved.  See State v. Nichols, 325 S.C. 111, 120-21, 481 S.E.2d 118, 123 (1997) (An issue may not be raised for the first time on appeal, but must have been raised to the trial judge to be preserved for appellate review.).
8.  Finleys claim that his counsel provided him ineffective assistance cannot be reviewed at this time and must await an application for post-conviction relief.  See State v. Felder, 290 S.C. 521, 351 S.E.2d 852 (1986).
AFFIRMED.
GOOLSBY, STILWELL, and KITTREDGE, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Moreover, we note the trial court employed the language of the statute, section 16-17-720, when instructing the jury regarding the offense.  A charge that employs the language of the statute suffices.  Keel v. Seaboard Air Line Ry., 108 S.C. 390, 393, 95 S.E. 64, 65 (1918); 75B Am. Jur. 2d Trial § 1246 (1992); see City of Columbia v. Dovan Enters., 280 S.C. 134, 137, 311 S.E.2d 920, 921 (1983) (holding the trial judge committed no error in charging the jury the entire statute and ordinance under which the defendant was charged without defining the operative terms of the statute and ordinance, including the terms assignation and prosecution); see also Caro v. Texas, 771 S.W.2d 610, 614 (Tex. App. 1989) (When the courts charge tracks the language of the applicable statutes, there is no error.).