**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Travis N. Buck, Appellant.

Appellate Case No. 2011-198189

———————

Appeal From Oconee County
Alexander S. Macaulay, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-230
Submitted April 1, 2014 – Filed June 18, 2014

———————

**AFFIRMED**

———————

Travis N. Buck, of Long Creek, pro se.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Deputy Attorney General David A. Spencer, all of Columbia; and Solicitor Christina Theos Adams, of Anderson, for Respondent.

———————

**PER CURIAM:** Travis N. Buck appeals the circuit court's order affirming his conviction in magistrates court for unlawful use of a telephone. On appeal, he argues the magistrates court erred in failing to (1) direct a verdict, (2) properly charge the jury, and (3) recognize and apply pertinent law. We affirm.

1.  We find the circuit court did not err in finding Buck was not entitled to a directed verdict. "On appeal from the denial of a directed verdict, an appellate court must view the evidence in the light most favorable to the State." *State v. Bailey*, 368 S.C. 39, 44, 626 S.E.2d 898, 901 (Ct. App. 2006). "If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury." *Id*. at 45, 626 S.E.2d at 901. We find sufficient evidence existed for the jury to find Buck's phone call was threatening or harassing. *See* S.C. Code Ann § 16-17-430(A)(2), (3) (2003); *State v. Brown*, 274 S.C. 506, 508, 266 S.E.2d 64, 65 (1980) (construing the language of the unlawful communications statute "as proscribing only calls initiated by one with the intent and sole purpose of conveying an unsolicited obscene, imminently threatening and/or harassing message to an unwilling recipient"). The victim testified Buck had been harassing and attempting to intimidate him; Buck continued to call the victim's office and leave messages; Buck had been driving up and down the road blowing his horn and pointing his middle finger at the victim; and the situation was escalating. The State played a recording of a message Buck left with the victim, and Buck admitted to making the call. Additionally, Buck stated the victim "reignited [his] spark of anger." Buck's assertion that his phone call was not obscene is inapposite because the unlawful communications statute is not limited to obscenity. To the extent Buck contends his speech was protected, the circuit court did not rule on this issue, and it is not preserved. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court]."). There is no indication the magistrates court applied the wrong law when determining whether to grant a directed verdict, and sufficient evidence existed for the jury to find Buck's phone call was threatening or harassing.

2.  We find Buck abandoned the issue of whether the circuit court erred in finding the magistrates court properly charged the jury. "An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court." *Wright v. Craft*, 372 S.C. 1, 20, 640 S.E.2d 486, 497 (Ct. App. 2006). Buck raised the jury charge issue in his statement of issues on appeal, but the body of his brief does not indicate what the magistrates court charged or why

Buck believed the charge was erroneous. Although Buck cites to *Brown* and *State v. Buckner*, 342 S.C. 241, 534 S.E.2d 15 (Ct. App. 2000), it is unclear from his brief how they pertain to the magistrates court's charge. *See State v. Tyndall*, 336 S.C. 8, 16-17, 518 S.E.2d 278, 282-83 (Ct. App. 1999) (determining the appellant abandoned an issue when he cited to several cases and averred the officers acted contrary to the cases, but failed to refer to the cases again in his brief and failed to "include in his argument any discussion of [the] decisions or their applicability to his situation"). Accordingly, we find this argument is abandoned.

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.